

# In the Missouri Court of Appeals
# Eastern District
**DIVISION ONE**

| | | |
|---|---|---|
| HECTOR MONTES, | ) | No. ED109883 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | 19JE-CC00630 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Troy Cardona |
| | ) | |
| Respondent. | ) | Filed: September 20, 2022 |

Movant, Hector Montes, appeals the judgment entered by the Circuit Court of Jefferson County denying his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. Movant pled guilty to one count of first-degree domestic assault inflicting serious physical injury, and the court sentenced him to 15 years of imprisonment. Under *Padilla v. Kentucky*, 559 U.S. 356 (2010), Movant alleges plea counsel was ineffective for failing to advise him that he would be deported as a consequence of his guilty plea, and the motion court clearly erred when it denied relief.

We conclude plea counsel's advice regarding Movant's risk of deportation was correct and truthful, and satisfied the requirement set forth in *Padilla*. We further find Movant suffered no prejudice. We hold Movant was not denied effective assistance of counsel, and affirm the motion court's judgment.

<u>Factual and Procedural Background</u>

Movant was born in Mexico, and came to the United States with his family when he was a baby. He has lived in the U.S. continuously since. The amended motion for post-conviction relief referred to Movant as "an undocumented citizen" although we find no testimony from Movant at the evidentiary hearing or other information in the record before us regarding his precise immigration status.

In November 2016, Movant attacked his wife with a machete while she was in bed, causing injuries to her face, neck, head, and hands, including severing portions of two fingers and damaging her eye socket and nasal area. When police arrived at the scene, Movant stated he tried to kill his wife.

The State charged Movant with one count of first-degree domestic assault inflicting serious physical injury, in violation of section 565.072 RSMo. (Supp. 2014), and one count of armed criminal action, in violation of section 571.015 RSMo. (2016). First-degree domestic assault as charged here is a class A felony, section 565.072.2 RSMo. (Supp, 2014), that carries a sentence of ten to 30 years or life imprisonment, section 558.011.1(1) RSMo. (Supp. 2014). Armed criminal action is an unclassified felony that, at the time of Movant's offense and plea, carried a sentence of no less than three years with no maximum. Sec. 571.015.1 RSMo. (2016).

Movant remained confined in the county jail because he could not afford to post bond. In the meantime, he became subject to an Immigration and Customs Enforcement ("ICE") detainer, or "hold." Facing the possibility of life imprisonment if convicted at trial, Movant entered an

Alford plea to the charge of first-degree domestic assault two weeks before his trial date, and received the State's recommended sentence of 15 years.[1]

Movant filed a *pro se* motion for post-conviction relief, the court appointed counsel, and counsel timely filed an amended motion. Movant claimed in his amended motion that his "plea was not made voluntarily and intelligently because he was not properly advised about the deportation risks and consequences if he pleaded guilty to domestic assault in the first degree instead of proceeding with a trial." The motion court held an evidentiary hearing at which plea counsel and Movant testified. According to plea counsel, he advised Movant that he was "subject to deportation," and it was "highly likely" Movant would face deportation if he either pled guilty or was found guilty as the result of a trial. Movant testified he and counsel never discussed immigration issues or the immigration consequences of pleading guilty. Finding that plea counsel did not give Movant incomplete or inaccurate advice, the motion court denied relief. Movant appeals.

Discussion

On appeal, Movant claims the trial court clearly erred in denying his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. Movant contends "plea counsel was ineffective for failing to advise [Movant] about the clear and determinable immigration and

---

[1] Under *North Carolina v. Alford*, 400 U.S. 25 (1970), an *Alford* plea allows a defendant to plead guilty to a charged offense and accept the criminal penalty despite an unwillingness or inability to admit to committing the acts that constitute the offense. *Tinsley v. State*, 643 S.W.3d 146, 151 (Mo. App. E.D. 2022). "[T]he effect of an *Alford* plea is the same as any other guilty plea …." *Id*.

deportation consequences of his guilty plea to domestic assault in the first degree. As a result, [Movant] was prejudiced by his involuntary guilty plea."

*Standard of Review*

Our review of a motion court's denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Ryan v. State*, 547 S.W.3d 151, 154 (Mo. banc 2018); *Hernandez v. State*, 588 S.W.3d 467, 470 (Mo. App. E.D. 2019). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. *Ryan*, 547 S.W.3d at 154; *Hernandez*, 588 S.W.3d at 470. We defer to the motion court's superior opportunity to judge the credibility of witnesses. *Davis v. State*, 486 S.W.3d 898, 905 (Mo. banc 2016). When the stated reason for a motion court's ruling is incorrect, we will nevertheless affirm the judgment if it is sustainable on other grounds. *Chacon v. State*, 409 S.W.3d 529, 533 (Mo. App. W.D. 2013).

Movant alleges his attorney was ineffective. To show ineffective assistance of counsel, a movant must demonstrate: (1) that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) that counsel's deficient performance prejudiced the defense by showing a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005) citing (*Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). If Movant fails to demonstrate either the performance prong or the prejudice prong of the *Strickland test*, we need not consider the other. *Rabun v. State*, 614 S.W.3d 629, 632 (Mo. App. E.D. 2020).

The prejudice requirement centers on whether counsel's deficient performance affected the outcome of the plea process. *Ryan*, 547 S.W.3d at 154. When a movant enters a guilty plea,

ineffective assistance of counsel remains relevant only to the extent it affected the voluntariness of the plea. *Hernandez*, 588 S.W.3d at 471. The movant must show there exists a reasonable probability that, but for counsel's errors, the movant would not have pled guilty and instead would have demanded a trial. *Worthington*, 166 S.W.3d at 573. "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstance." *Padilla*, 559 U.S. at 372.

*Performance of Counsel*

Under the Immigration and Nationality Act ("INA"), certain criminal offenses subject non-citizens to deportation. The INA provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). An "alien" is "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). The definition of an "aggravated felony" includes "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). The term "crime of violence" means in pertinent part "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). First-degree domestic assault inflicting serious physical injury and punishable by a term of imprisonment of at least 10 years under Missouri law qualifies as an aggravated felony under the INA.[2]

Movant alleges his attorney was ineffective in failing to inform him "about the clear and determinable immigration and deportation consequences of his guilty plea to domestic assault in

---

[2] Section 565.072 RSMo. (Supp. 2014) provides in relevant part:
  1. A person commits the crime of domestic assault in the first degree if he or she attempts to kill or knowingly causes or attempts to cause serious physical injury to a family or household member ….
  2. Domestic assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim … in which case it is a class A felony.

the first degree." Movant argues that "[p]lea counsel's failure to advise [Movant] that domestic assault in the first degree is an aggravated felony that would subject him to deportation if he pleaded guilty fell below an objective standard of reasonableness."

In *Padilla v. Kentucky*, the United States Supreme Court recognized that when a non-citizen commits a removable offense, deportation is practically inevitable, and thus where a clear risk of deportation exists, a defense attorney who does not advise the defendant about the clear immigration consequences of his or her plea provides ineffective assistance. 559 U.S. at 363-64, 369; *Hernandez*, 588 S.W.3d at 471. In *Padilla*, counsel *incorrectly* advised the defendant, a long-time lawful U.S. permanent resident and Vietnam War veteran, that he need not worry about immigration consequences arising from a guilty plea to a drug charge because he had been in the U.S. for so long. 559 U.S. at 359. The U.S. Supreme Court recognized the severity of deportation underscores how critical it is for counsel to inform a non-citizen client that he faces a risk of deportation. *Id*. at 373-74. "[W]e now hold that counsel must inform her client whether his plea carries a risk of deportation." *Id*. at 374.

Here, the evidence reveals this is precisely what counsel did. Plea counsel testified at the evidentiary hearing that he told Movant "due to the nature of the case, that being a felony, that if there was a plea of guilty or finding of guilt at trial that *he was subject to deportation*." (Emphasis added). Under further examination, plea counsel reiterated, "[a]gain, I had the discussion with him about being deported based on the nature of the case if there's a plea filed. I discussed that with him. I told him that that was *highly likely*." (Emphasis added).

At the evidentiary hearing, Movant testified that counsel never discussed immigration issues with him, and that he could not afford an immigration attorney. Movant acknowledged he now understands he is "likely" to be deported after serving his sentence for first-degree domestic

6

assault, and he stated he received written notice of an immigration hold placed on him, apparently before he entered his guilty plea.

> Q. So is it your understanding now that after you serve your sentence you're serving now that you're *likely* to get deported? (Emphasis added.)
> A. That's my understanding now, yes, ma'am.
> Q. And were you aware of that at the time that you pled guilty?
> A. No.
> Q. And would have you pled guilty had you known that this was going to happen?
> A. Absolutely not. *I thought I just had a hold* to fight it or something.[3]

(Emphasis added.) The evidentiary hearing testimony of plea counsel directly contradicted Movant's testimony. Although the motion court did not make express credibility findings, the court's determination that counsel did not give incomplete or inaccurate advice indicates the court implicitly found counsel's testimony credible while finding Movant's testimony not credible. *Chacon*, 409 S.W.3d at 532 n.5. The motion court is not required to believe a movant's testimony. *Fields v. State*, 642 S.W.3d 774, 780 (Mo. App. W.D. 2022). We defer to the motion court's superior opportunity to judge the credibility of witnesses. *Davis*, 486 S.W.3d at 905; *Chacon*, 409 S.W.3d at 532 n.5.

Movant's argument that counsel was ineffective for failing to advise him that his guilty plea "would subject him to deportation" is not persuasive. In *Chacon v. State*, counsel testified

---

[3] The notice of detainer from ICE is not contained in the record before us. Form I-247A, Department of Homeland Security, Immigration Detainer – Notice of Action, is addressed to the law enforcement agency having custody of the detainee, and is served on the detainee. *Available at* https://www.ice.gov/sites/default/files/documents/Document/2017/I-247A.pdf (last visited Aug. 22, 2022). The form provides the following information in pertinent part:

> NOTICE TO THE DETAINEE The Department of Homeland Security (DHS) has placed an immigration detainer on you. An immigration detainer is a notice to a law enforcement agency that DHS intends to assume custody of you (after you otherwise would be released from custody) because *there is probable cause that you are subject to removal from the United States under federal immigration law*. DHS has requested that the law enforcement agency that is currently detaining you maintain custody of you for a period not to exceed 48 hours beyond the time when you would have been released based on your criminal charges or convictions.

(Emphasis added). *Id* at 2.

he advised the movant that "if he pled guilty to the charges, *he would very likely be deported and wouldn't be able to come back.*" 409 S.W.3d at 536 (emphasis in original). The Western District rejected the movant's argument that, under *Padilla,* counsel was required to specifically inform him that he was subject to "mandatory deportation." *Id*. As in *Chacon*, Movant's conviction made his deportation presumptively mandatory, and counsel's advice that he "was subject to deportation" and that deportation was "highly likely" did not fall below what is required of a reasonably competent attorney under the circumstances. *Id*. at 537. Furthermore, "*Padilla* does not require that counsel use specific words to communicate to a defendant the consequences of entering a guilty plea. Rather, it requires that counsel *correctly* advise his client of the *risk* of deportation so that the plea is knowing and voluntary." *Id*. (emphasis in original).

Movant does not allege in his point relied on that counsel affirmatively misinformed him by giving him incorrect advice about the immigration consequences of his plea. Likewise, he does not tell us what is purportedly untrue or incorrect about counsel's statements. Movant cites *Fields v. State*, asserting that the *Fields* Court held "[w]hen the consequence of deportation is clear, counsel must truthfully advise the defendant." 642 S.W.3d at 778. Movant's reliance on *Fields* is misplaced. *Fields* does not address advice regarding the immigration consequences of a guilty plea, but rather advice regarding the possibility of lifetime civil commitment as a sexually violent predator. *Id*. at 776. The *Fields* Court discussed *Padilla* before rejecting the movant's invitation to expand and apply *Padilla's* holding to claims alleging counsel failed to advise of possible civil commitment under the sexually violent predator statutes. *Id*. at 778-79. *Fields* does not set forth the holding regarding immigration advice that Movant asserts, and so does not support his position.

8

Nevertheless, Movant seems to argue that plea counsel misstated the deportation consequences that Movant "*would, not could*, face if he pleaded guilty to domestic assault in the first degree." (Emphasis added.) We reject this argument because, as we stated earlier "*Padilla* does not require that counsel use specific words to communicate to a defendant the consequences of entering a guilty plea. Rather, it requires that counsel *correctly* advise his client of the *risk* of deportation so that the plea is knowing and voluntary." *Chacon*, 409 S.W.3d at 537 (emphasis in original). Further, the record does not support an allegation that counsel's advice was not correct or not truthful.

We find the motion court did not clearly err in finding plea counsel satisfied the performance requirement set forth in *Padilla*, and therefore counsel's performance was not deficient.[4]

*Prejudice*

Movant also fails to establish prejudice. He contends that had counsel informed him of the immigration consequences of his plea, he would not have pled guilty but would have insisted on proceeding to trial. A movant must show there exists a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Worthington*, 166 S.W.3d at 573. The movant must prove, but for counsel's errors, he would not have pled guilty and instead would have demanded a trial. *Id*. "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstance." *Padilla*, 559 U.S. at 372.

---

[4] Movant accurately observes that the trial court did not mention potential immigration consequences during the plea colloquy. In an ideal world, trial courts would ask each defendant whether they are a U.S. citizen, and warn those who are not U.S. citizens that a risk of deportation arises from a guilty plea or finding of guilt at trial. Nevertheless, the record here reflects that counsel advised Movant he was subject to deportation, and the motion court implicitly found counsel's testimony credible.

9

Movant's assertion that he would have rejected the plea offer and proceeded to trial is not rational. Movant was charged with two felonies for attacking his wife with a machete and inflicting serious physical injury on her. The evidence against Movant, on its face, appears overwhelming, including Movant's statement to police that he tried to kill his wife. In exchange for his guilty plea to first-degree domestic assault, pursuant to a plea agreement, the State dropped the charge of armed criminal action. The State recommended and Movant received a 15-year sentence on the charge of first-degree domestic assault, which is near the statutory minimum of 10 years for that offense. Had Movant proceeded to trial, he risked two life sentences following a conviction, and still would have been subject to deportation. Further, if it is correct as stated in the amended motion that Movant was undocumented, i.e. present in the U.S. unlawfully, then he was potentially subject to deportation at any time on that basis, regardless of the outcome of the criminal proceeding, even were Movant acquitted at trial. For these reasons, we find Movant has failed to establish prejudice.

## Conclusion

Plea counsel's advice regarding Movant's risk of deportation was correct and truthful, and satisfied the requirement set forth in *Padilla*. We further find Movant suffered no prejudice. We hold Movant was not denied effective assistance of counsel, and affirm the motion court's judgment.

_____
ANGELA T. QUIGLESS, Presiding Judge

Sherri B. Sullivan, J. and
Robert M. Clayton III, J., Concur.

10